**NEFF, Plaintiff, v. BOARD OF COMMISSIONERS OF BELMONT COUNTY, Defendants.**

Common Pleas Court, Belmont County.

No. 17333.   Decided December 7, 1956.

442

Lewis & Henry, St. Clairsville, for plaintiff.
William H. Irwin, Pros. Atty., for Board of County Commissioners.

## OPINION

By BELT, J.:

The petition in this case contains two alleged causes of action. In the first cause of action, plaintiff alleges that he is a justice of the peace in and for Mead Township in this county, having been elected and qualified as such justice of the peace on December 22, 1953, for a term of four years, and has certain judicial jurisdiction in said township and in Belmont County.

It further alleges that on June 13, 1956, the defendants, the Board of County Commissioners of the county, purporting to act under the provisions of §1907.47 R. C., fixed the annual salary and expenses of the office of plaintiff in the total annual sum of $150.00. It is then alleged that said section of the Revised Code is unconstitutional and void in that neither said section nor any other provison of the statutory law of Ohio prescribes any standards or rules governing the exercise of the authority stated in said section vested in the defendants. It is further alleged that said provision of the statute referred to purports to be of a general nature but cannot be of uniform operation throughout the state as provided by the constitution of Ohio for the reason that no standards are fixed for uniform operation.

The prayer of the petition is that the Court declare said §1907.47 R. C. unconstitutional and void, and that if the Court does not declare said

section void, to set aside so much of the resolution of the defendants dated June 13, 1956, as pertains to the salary of plaintiff and order and direct defendants to enter as the salary of plaintiff, from and after January 1, 1956, the sum of $1,000.00 or more as the fair and reasonable annual salary for said office in said county.

To this petition the Prosecuting Attorney of the county filed a general demurrer, but upon a conference held between court and counsel, the demurrer is withdrawn and the cause finally submitted to the court on an agreed statement of facts which will later herein be referred to.

The Court has determined that this cause be submitted and determined under, and in accordance with, the provisions of §2721.03 R. C., the same being a part of the declaratory judgment act of Ohio, which section reads as follows:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Sec. 1907.47 R. C., being a part of the justice of the peace act, passed by the last legislature, reads as follows:

"The justices of the peace shall receive a fixed annual salary and such salary shall be determined by the Board of County Commissioners of the county in which such office of the justice of the peace is situated and may include a fixed annual allowance for supplies, forms and equipment."

This act, of which the foregoing section is a part, became effective in part on September 30, 1955, and effective in toto as of January 1, 1956 The section referred to became effective September 30, 1955.

The agreed statement of facts consist of an answer by the defendants to certain interrogatories, together with the agreement as to the facts.

It is agreed that the questions and answers of defendants to the interrogatories in this cause is a correct statement of all of the features considered by the Board of County Commissioners and upon which the Board based its findings and judgments fixing the annual salaries of plaintiff and the other justices of the peace of the county. The further facts are that the Board investigated and ascertained the amount of fees reported by all of the justices of the peace of the county for a period of two years prior to the action of the defendant Board and that the respective salaries fixed were largely based on the fees collected by the various justices during any one-year period and that said salaries range from a high of $3600.00 per year down to a minimum of $25.00 for some of the justices. That is to say, if the earnings of a certain justice of the peace amounted to $1,000.00 per year, a salary was fixed at substantially that sum; and if the earnings were $3,000.00 per year, the salary was fixed at substantially that sum. All of the facts as to fees were obtained from the justices themselves together with their records. Some attention was paid by the county commissioners to a standard sum

per case, and it was ascertained by them that $4.00 was about the average justice fee collected per case in the county. Many of the facts were elicited by the county commissioners by a questionnaire sent to the justices in which they were asked the number of civil cases docketed during an annual period, the number of criminal cases docketed, and a further question was: "What annual salary will be required to equal your justice of the peace income under the fee system, not including collection fees?" Armed with this information, the salaries were fixed. The upshot of the whole attempt made by the county commissioners to fix the justices' salaries was based on their earnings in fees and costs for the previous periods.

The Court's comment on the action of the commissioners is that perhaps the salaries as fixed, without having any standard or direction from the general assembly, was perhaps about as worthy an effort as could have been done, although the commissioners in the various others of the 88 counties may have, and in all probability did, employ other standards in determining the salaries.

The question presented is whether or not said **Section 1907.47 R. C.** is constitutional.

In order to satisfactorily dispose of that question, recourse must, of course, be had to the applicable constitutional provisions and the decided cases thereunder.

It is interesting to note that under the constitution of 1851, before its amendment in 1912, **Section 1 of Article IV** provided that the judicial power of the state shall vest in a supreme court, circuit court, courts of common pleas, courts of probate, justices of the peace and such other courts inferior to the supreme court as the general assembly may from time to time establish, which provision made justices of the peace constitutional courts. However, by **Section 1, Article IV** as amended September 3, 1912, justice courts ceased to be constitutional courts and the said section of the constitution now reads as follows:

"The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts inferior to the courts of appeals as may from time to time be established by law."

By reason of this constitutional change, it can now be safely asserted that the courts of justices of the peace are not constitutional courts but were created by legislative authority, and having been thus created, may be abolished and the compensation of justices of the peace changed at the will of the legislature, so long, of course, as the legislative act is in accordance with constitutional authority.

**Section 20 of Article II** of the present constitution reads as follows:

"The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

The constitution provides in **Section 1 of Article II**, with the limitations as provided in **Section 20, Article II** and **Section 14, Article IV**, that the power to fix salaries is conferred on the legislature by the general grant of legislative power and that Section 20 imposes upon the legis-

lature the duty of exercising the power so granted and forbids any change in the salary of an officer during his existing term unless the office be abolished.

State, ex rel. Metcalfe v. Donahey, Auditor of State, 101 Oh St 490.

Keeping in mind that it is within the power of the commission fixing justice districts in any county to combine two or more townships and parts of townships into one district, so to speak, a question is presented as to whether or not the office of township justice of the peace has been abolished by the passage of said act. The act in question grants to the presiding judge of the court of common pleas, the probate judge, and the president of the Board of County Commissioners in the various counties the authority to establish justice of the peace judicial districts in the county. It is unnecessary to decide that question in this case.

If §1907.47 R. C. is unconstitutional, it is apparently because the legislature has not furnished any instrument of measurement or yardstick by which uniformity may be obtained. Putting it in another way, the question is whether or not the general assembly has delegated legislative power to the Board of County Commissioners. The Supreme Court has spoken upon this question in the case of State, ex rel. Godfrey, a taxpayer, v. O'Brien, Treasurer et al, found reported in 95 Oh St 166. The applicable law is found in the Syllabus of the case and the pertinent parts thereof, here applicable, are as follows:

"1. County and township subdivisions are agencies of the state, and constituent parts of the plan of permanent organization of state government.

"2. Where the state seeks to exercise its sovereign power through the agencies of county or township officers, the statute creating the office and providing for the selection and compensation of the incumbent, must conform to the constitutional provisions with reference to such officers.

"3. A provision in an act of the general assembly of this state for the appointment instead of the election of a county or township officer, is in violation of Section 1 of Article X of the Constitution of Ohio and void.

"4. The general assembly of Ohio cannot delegate the authority conferred upon it by Section 20 of Article II of the Ohio Constitution, to fix the compensation of officers.

"5. The provisions of an act of the general assembly purporting to confer authority upon the county auditor, or the board of county commissioners, to fix the salary of county or township officers within certain limits, without providing a uniform rule for determining such compensation in the several counties of the state, are in conflict with Section 26 of Article II of the Constitution of Ohio, and void."

Said section provides:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except, as otherwise provided in this constitution."

In the case of **State of Ohio ex rel. Montgomery v. Rogers, et al., 71 Oh St 203,** the Syllabus reads as follows:

"The act of April 25, 1904 (97 O. L., 313, 314), entitled 'An act fixing the salaries of the county surveyors in various counties of the state,' is repugnant to **Section 20, Article 2, of the Constitution of Ohio,** because the power conferred and the duty imposed by said act upon the judges of the court of common pleas, to fix the salaries or compensation of county surveyors, is purely a legislative power and duty and cannot be delegated. Said act is therefore unconstitutional and void."

In the case of **Belden, Appellant, v. The Union Central Life Insurance Company, Appellee, 143 Oh St 329,** the first paragraph of the Syllabus reads as follows:

"The legislative power of the state is vested in the General Assembly by **Section 1, Article II of the Constitution** and that body may not abdicate or transfer to others the essential legislative functions with which it is vested."

In the case of the **State of Ohio, ex rel. Guilbert, Auditor, v. Yates, Auditor, Pickaway County, 66 Oh St 546,** the Supreme Court held as follows:

"County officers are not local officers, but are a part of the permanent organization of the government of the state, and the subject of compensation to county officers is not local in its nature, and an act of the general assembly upon that subject is a law of a general nature which must operate uniformly throughout the state. **Pearson et al. v. Stephens et al, 56 Oh St 126,** overruled."

From the constitution itself and the decisions of the Supreme Court hereinbefore cited, it is the conclusion of the Court that justices of the peace are officers; that it is beyond the authority of the legislature under **Article II, Section 27, Ohio Constitution,** to exercise any power of appointment. The "continuation in office" provision would be valid only in the event that there will be no abolition of the existing office and the creation of a new one.

It is the opinion of the Court that the chief legislative purpose in the provision of a salary for justices of the peace was to avoid the constitutional objection to the present fee system as pointed out by Chief Justice Taft in the case of Tumey v. Ohio, 273 U. S. 510, 73 L. Ed. 749, which case contains a headnote as follows:

"An accused is unconstitutionally deprived of due process of law if his liberty and property are subjected to the judgment of a court, the judge of which has a direct and substantial pecuniary interest in reaching a conclusion against him."

It is further the conclusion of the Court that there is a definite lack of direction in the statute as to the matter of fixing an annual salary for justices of the peace under the new act, which in the opinion of the Court renders the salary provision referred to unconstitutional.

The Court observes that in the 88 counties of the state, there possibly could be 88 formulas for fixing salaries, which would be wholly contrary to **Section 26, Article II, Ohio Constitution.**

The Court further observes that a natural inquiry will be if the salary provision of the justice act is unconstitutional, what is the effect

of the repealing clause. The Court is not answering that question, of course, but to those who are interested, reference is here made to **Volume 10, Page 259, Section 179**, and some of the following sections of **O. Jur. 2d**, together with the cases therein cited.

It is the conclusion of the Court that §1907.47 **R. C.**, being part of the recent justice of the peace act passed by the last legislature, is unconstitutional and the Court so hereby holds and declares.

The entry:

"It is the finding and conclusion of the Court that §1907.47 **R. C.** is unconstitutional. A special entry may be prepared by counsel for plaintiff and submitted to the Prosecuting Attorney and the Court for approval."